IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD JOSEPH CYCENAS,

                                                        ORDER

            Plaintiff,

                                                        10-cv-471-bbc

    v.

KENNETH L.KUTZ, TRUDY SCHMIDT
and BURNETT COUNTY CIRCUIT COURT,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Edward Joseph Cycenas has filed a complaint in which he alleges that defendant Kenneth Kutz, a Burnett County Circuit Court judge, and defendant Trudy Schmidt, the clerk of court, fined him for failing to obtain a permit for installing a waste treatment system on his property, in violation of his constitutional rights. Plaintiff has paid the filing fee, which means that his complaint is not subject to screening under 28 U.S.C. § 1915. However, federal district courts have an independent obligation in all cases to determine whether subject matter jurisdiction is present. Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009). This case must be dismissed for lack of subject matter jurisdiction for two reasons.

1

First, it has been established for almost a century that "lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." Gilbert v. Illinois State Bd. of Education, 591 F.3d 896, 900 (7th Cir. 2010) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). This jurisdictional bar applies even though "the state court judgment might be erroneous or even unconstitutional." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996). In this case, plaintiff is challenging the legality of the fine imposed by the state court in a civil judgment. That is an "injur[y] caused by [a] state-court judgmen[t] rendered before the district court proceedings commenced and inviting district court review and rejection of th[at] judgmen[t]." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). If plaintiff wished to challenge the fine, he should have sought review of the lower court's decision in the Wisconsin Court of Appeals.

Second, "a suit that is utterly frivolous does not engage the jurisdiction of the federal courts." Carr v. Tillery, 591 F.3d 909, 917 (7th Cir. 2010). Plaintiff raises various legal theories, but they can be reduced to his belief that a land patent gives a property owner "the rights of kings, subject to no-one but God and conscience on their own land, that the government could not act to control so long as did not trespass on the rights of another." Cpt., dkt. #1, at 7-8. That claim is legally frivolous, as I explained to plaintiff in a similar case that he filed earlier this year. Cycenas v. Flanigan, 10-cv-253-bbc (W.D. Wis.).

2

Although plaintiff cites many cases in his complaint, none of them support the proposition that a land patent turns a property owner into a king of a sovereign nation.  In fact, plaintiff's view of property rights has absolutely no support in law or history.  A land patent is no different from a fee simple, Van Zelst v. CIR, 100 F.3d 1259, 1261 (7th Cir. 1996), which means that land acquired by patent may be regulated like any other piece of private property.  Pennsylvania Coal Co. v. Mahon,  260 U.S. 393, 415 (1922) ("[T]his seemingly absolute protection [of private property] is . . . qualified by the police power. . . . The general rule at least is that . . . property may be regulated to a certain extent.").  Although public regulation of land is limited by the Constitution, requiring land owners to comply with sanitation requirements is not a taking of property, violation of due process or unreasonable seizure.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 19th day of October, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge

3